UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**KEITH MAXWELL**

    **Plaintiff**

    v.                                                                    **Civil Action**

                                                                                                                           **No. _____**

**WOODS HOLE, MARTHA'S VINEYARD,
AND NANTUCKET STEAMSHIP
AUTHORITY**

    **Defendant**

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states: General Factual Allegations

    1.    The Plaintiff, Keith Maxwell, was a resident of Forestdale, Massachusetts, County of Barnstable, Commonwealth of Massachusetts.

    2.    The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, is a body politic, duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Falmouth, County of Barnstable, Commonwealth of Massachusetts.

    3.    On or about August 21, 2020, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, was doing business within the Commonwealth of Massachusetts, carrying freight and passengers between Woods Hole, Martha's Vineyard and Nantucket.

4. On or about August 21, 2020, the Plaintiff, Keith Maxwell, was a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C. sec. 30104.

5. On or about August 21, 2020, the Plaintiff, Keith Maxwell, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, as a seaman, and a member of the crew of the M/V NANTUCKET.

6. On or about August 21, 2020, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, owned the M/V NANTUCKET.

7. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V NANTUCKET from some other person or entity such that on or about August 21, 2020, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority was the owner pro hac vice of the M/V NANTUCKET.

8. On or about August 21, 2020, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, operated the M/V NANTUCKET.

9. On or about August 21, 2020, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, or the Defendant's agents, servants, and/or employees, controlled the M/V NANTUCKET.

10. On or about August 21, 2020, the M/V NANTUCKET was in navigable waters.

11. On or about August 21, 2020, while in the in the performance of his duties in the service of the M/V NANTUCKET, the Plaintiff, Keith Maxwell, sustained multiple personal injuries, including a right fibular fracture.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Keith Maxwell, was exercising due care, performing his duties in the main engine room of the M/V NANTUCKET. He was injured when a hinged deck plate collapsed under his weight

causing him to fall into the opening above the engine shaft. This deck plate was negligently designed, modified and or maintained by the defendant causing it to collapse under his weight.

## JURISDICTION

13.    This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

14.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, and alternatively 28 U.S.C. §1333.

## COUNT I

## Keith Maxwell v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (JONES ACT NEGLIGENCE)

15.    The Plaintiff, Keith Maxwell, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.    The personal injuries sustained by the Plaintiff, Keith Maxwell, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees in failing to:

a.    properly secure the hinged deck plate;

b.    properly modify, design, and or maintain the deck plate so that it would not collapse;

c.    warn the plaintiff that the bridge plate could collapse under his weight;

d.    provide and maintain a seaworthy vessel with safe and proper appliances;

e.    make reasonable and periodic inspection of the vessel and its equipment and appliances;

  f.  furnish the plaintiff with a reasonably safe place in which to perform his work;

  g.  comply with Coast Guard and OSHA regulations, as well as company rules and industry standards.

 17. As a result of said injuries, the Plaintiff, Keith Maxwell, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

 18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

 WHEREFORE, the Plaintiff, Keith Maxwell, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interest and costs.

## COUNT II

### Keith Maxwell v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

 19. The Plaintiff, Keith Maxwell, reiterates the allegations set forth in paragraphs 1 through 14 above.

 20. The personal injuries sustained by the Plaintiff, Keith Maxwell, were due to no fault of his, but were caused by the Unseaworthiness of the M/V NANTUCKET.

 21. As a result of said injuries, the Plaintiff, Keith Maxwell has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

 22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I, that is a hinged deck plate was

not reasonably fit for its intended purpose and collapsed under his weight causing him to fall into the opening above the engine shaft.

WHEREFORE, the Plaintiff, Keith Maxwell, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount in an amount to be determined by a jury, together with interest and costs.

## COUNT III

### Keith Maxwell v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, Keith Maxwell, reiterates all the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Keith Maxwell, has incurred and will continue to incur medical expenses for his maintenance and cure.

25. The Plaintiff has also incurred lost wages because of the injuries sustained in the accident.

26. As a direct and proximate result of the Defendant's actions and omissions, the Plaintiff incurred expenses for his maintenance and cure and will continue to do so in the future.

WHEREFORE, the Plaintiff, Keith Maxwell, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, for maintenance and cure, together with costs and interest, and if warranted punitive damages and attorney's fees in such amount as may be determined by the Court.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN COUNTS, I, II, III

        Respectfully submitted for the
        Plaintiff, Keith Maxwell,
        By his attorneys,

        */s/ Christopher C. Naumes*
        Christopher C. Naumes, BBO #: 6717601
        Robert T. Naumes, Sr., BBO #: 367660
        NAUMES LAW GROUP, LLC
        2 Granite Avenue, Suite 425
        Milton, MA 02186
        (617) 227 8444
        robert@Naumeslaw.com
        christopher@naumeslaw.com
        Attorney for Plaintiff

DATED: June 9, 2023